NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0276n.06

No. 14-3648

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2015
DEBORAH S. HUNT, Clerk

ELIAS GARCIA-LOPEZ,                                      )
                                                        )
     Petitioner,                                       )
                                                        )    ON PETITION FOR REVIEW
v.                                                      )    FROM THE UNITED STATES
                                                        )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,                  )    APPEALS
                                                        )
     Respondent.                                       )
                                                        )
                                                        )

     BEFORE: SILER, COOK, and STRANCH, Circuit Judges.

     PER CURIAM. Elias Garcia-Lopez petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. We dismiss the petition for lack of jurisdiction.

     Garcia-Lopez, a native and citizen of Mexico, entered the United States without inspection in 1999. In 2010, after his arrest for a traffic offense, the Department of Homeland Security served Garcia-Lopez with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Garcia-Lopez appeared before an immigration judge (IJ) and conceded removability. Garcia-Lopez subsequently applied for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States citizen children. *See* 8 U.S.C. § 1229b(b)(1). After a hearing, the IJ denied Garcia-Lopez's application for cancellation of removal, finding that he had failed to meet his burden of

proof: "The respondent has not provided evidence to establish his qualifying relatives would suffer hardship that is substantially different from, or beyond that which would ordinarily be expected from the removal of an individual with close family members remaining in the United States." (AR 58-59.) The IJ granted Garcia-Lopez's alternate request for voluntary departure. On appeal, the BIA agreed with the IJ that Garcia-Lopez had not demonstrated that his removal would cause the requisite hardship to his children.

This timely petition for review followed. The respondent contends that we should dismiss Garcia-Lopez's petition for lack for jurisdiction. This court lacks jurisdiction to review the discretionary denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We retain jurisdiction, however, to review "constitutional claims or questions of law" as well as non-discretionary decisions. 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008).

Garcia-Lopez asserts that we have jurisdiction because he is challenging the BIA's legal errors. In discounting the dire conditions in Mexico, Garcia-Lopez argues, the BIA failed to follow its own precedent requiring consideration of the hardship factors in the aggregate. The IJ gave "limited weight" to the conditions in Mexico because Garcia-Lopez asserted that his wife and children would remain in the United States if he were removed.[1] (AR 57.) On appeal, the BIA assumed that Garcia-Lopez's wife and children would accompany him to Mexico and, citing his evidence about the violent conditions in Mexico, concluded that he had failed to establish the requisite hardship to his children. (AR 4 (citing *In re A-S-B-*, 24 I. & N. Dec. 493, 497 (BIA 2008) (stating that the BIA "may review de novo whether the facts support a

---

[1]Garcia-Lopez incorrectly states in his brief that he testified that his wife and children would accompany him to Mexico. When the IJ pointed out that his written application indicated that his wife and children would go with him to Mexico, Garcia-Lopez testified that they would stay in the United States. (AR 124.)

conclusion that the hardship rises to the required level")).)  Garcia-Lopez's argument that the BIA did not take the conditions in Mexico into full consideration amounts to "a challenge to the weighing of the evidence" that this court lacks jurisdiction to review.  *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011); *see also Montanez-Gonzalez v. Holder*, __ F.3d __, 2015 WL 1061985 (6th Cir. Mar. 12, 2015).

Accordingly, we dismiss Garcia-Lopez's petition for lack of jurisdiction.